R. H. TAYLOR v. THE STATE.

No. 16995. Delivered November 7, 1934.
Rehearing Denied January 30, 1935.
Reported in 77 S. W. (2d) 1052.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted for the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced, briefly stated, is as follows: On or about the 9th day of January, A. D. 1933, a barn belonging to J. L. Buttrell situated near Lometa in Lampasas County was forceably entered at night time and two saddles were taken therefrom. On the next day the appellant and Dulane Mangum were seen at Aspermont in Stonewall County offering to sell the two saddles. The saddles were worth approximately sixty to seventy-five dollars each. Mangum sold one of the saddles for $18.00. The saddles were subsequently recovered by the officers and returned to Mr. Buttrell. The appellant and Mangum were seen in the town of Mullin late in the afternoon on a day about the time the barn of Mr. Buttrell was entered and the saddles were taken. The distance from the town of Mullin to the town of Lometa is approximately 35 miles. Mangum testified for the State that he and the appellant went from Coleman to Brownwood and from there to Mullin where they ate at a restaurant late in the afternoon and from Mullin they went to Lometa and then out to the barn of Mr. Buttrell which they entered at nighttime and took therefrom two saddles; that the saddles were placed in appellant's car and then they went back to Brownwood en route to Aspermont where he sold one of the saddles for the sum of $18.00. The appellant denied that he went with Mangum to Mr. Buttrell's barn and took the saddles. He admitted that he and Mangum came from Coleman to Brownwood for the purpose of purchasing some parts for a Dodge car which Mangum owned and which was in need of repair. When Mangum did not find the required parts in Brownwood he said that he might procure same at Comanche and requested the appellant to drive over to Comanche with him, which appellant declined to do, and then Mangum asked appellant to loan him the car, that he would drive over there alone, which request was granted, and Mangum left in the car while the appellant stayed at

Brownwood with a friend; that the next morning about 8:30 Mangum returned with the car and said that he did not find the desired parts at Comanche but he had traded for two saddles which he knew he could dispose of at Aspermont and offered to pay the appellant $10.00 to take him to Aspermont, which the appellant did. By Marvin Wilder the appellant proved that he, appellant, stayed with Mr. Wilder at Brownwood on the night of January 9, 1933; that Mangum, who came to Brownwood with him, borrowed appellant's car on the afternoon of said date for the purpose of going to Comanche; that about 8:30 the following morning Mangum returned to Brownwood with two saddles in the car and requested appellant to take him to Aspermont where he, Mangum, said he could dispose of the saddles; that appellant at first demurred but finally consented to do so in consideration of $10.00. The distance from Brownwood to Aspermont was approximately 225 miles.

The court adequately instructed the jury on every issue raised by the testimony. The appellant's main contention is that Mangum, who brought himself clearly within the rule of an accomplice, was not sufficiently corroborated to justify and sustain the conviction. It is true that if appellant stayed at Brownwood with Mr. Wilder on the night the saddles were taken from the barn of Mr. Buttrell situated near Lometa, Texas, he could not have been at or on the premises of Mr. Buttrell and therefore could have had no connection with the burglary and the theft of the saddles, but Mangum's testimony is to the effect that appellant went with him from Brownwood to Lometa and then to Buttrell's barn which they burglarized and took therefrom two saddles; that in going to Lometa they stopped at Mullin where appellant went to see Mr. Kemp, a merchant, and offered to sell a trailer to Mr. Kemp; that they ate at a restaurant and then drove down to Lometa. Mr. Kemp corroborated Mangum that appellant accompanied by Mangum came to his store some time late in the afternoon about the first part of January, 1933, and inquired of him if he did not wish to buy a trailer and when informed by Kemp that he did the appellant said he would be back in a day or two and then left. Mr. Kemp was positive that this occurred in the first part of January and not in the month of December because he was sick all of December and was not able to go to town until the first of January; that he had only been to town two or three times when the appellant and Mangum appeared at his store and offered to sell a trailer. Mrs. Eaton testified that she saw appellant

and Mangum at her restaurant some time during cold weather, but she could not tell whether it was in February or March.

If the testimony of Mr. Kemp is to be believed, then the appellant's alibi is completely destroyed. That appellant and Mangum were at the restaurant of Mrs. Eaton in the early part of the year 1933 during cold weather is not contradicted by any testimony, and there is no testimony that the appellant and Mangum were together in Mullin at any other time during the month of January of said year. The testimony of Mr. Kemp and Mrs. Eaton tends to corroborate Mangum. The appellant and Mangum were found in possession of the stolen property the next day near the town of Aspermont, some 225 miles from Brownwood, offering to sell the saddles, and when Mangum was offered $15.00 for one of the saddles he asked the appellant what he thought about the price, to which appellant replied, "I haven't anything to do with it, you are selling that saddle," which is the only testimony that tends to hint at any disclaimer of the saddles on the part of the appellant. Mr. Kite testified that while the appellant and Mangum were at a gin near Aspermont and when the appellant, Mangum, and the witness were standing at appellant's car, the witness looked at the cushion seated saddle in the rear of the car and while doing so, Mangum said, "This saddle belongs to the other fellow," to which appellant made no reply. Whom did Mangum refer to? He could not have referred to anyone but the appellant because Mangum and the appellant were the only two parties in possession of the stolen property. Of course, the appellant insists that he did not hear said remarks made by Mangum, but the facts and circumstances testified to by Mr. Kite placed the appellant in such a position and in such close proximity to Mangum that it became a question of fact to be determined by the jury whether or not the appellant heard said remark, and if he did hear it and made no reply but remained silent, it is a criminative circumstance. Just why they should travel from Brownwood to Aspermont to dispose of the saddles which they might have disposed of in and around Brownwood and just why the appellant agreed to carry Mangum 225 miles to Aspermont and back home for the sum of $10.00 was also a circumstance to be considered by the jury on the question of good faith on the part of the appellant in going from Brownwood to Aspermont. However, Mangum made a clear case of burglary against the appellant, and if there is other testimony in the record, either direct or circumstantial, which tends to connect the appellant with the commission of the offense, and we think that there is,

then the testimony is sufficient to warrant and sustain the conviction. It is not necessary that the accomplice be corroborated on every material particular in proving the offense. If such were the rule, it would not be necessary to place the accomplice on the witness stand because the state could make a case without resort to the testimony of the accomplice. We have carefully read and considered all the testimony appearing in the record and we believe that Mangum, the accomplice, has been sufficiently corroborated on some of the material points which justified the jury in finding the appellant guilty, and we are unwilling, under the facts above stated, to disturb the verdict of the jury and the judgment of the court.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—Appellant again urges that the evidence corroborating Mangum, the accomplice witness, is insufficient.

The corroborating evidence appears ample. The two stolen saddles were in appellant's car at Aspermont, and other places where effort was made to sell them. Appellant was present. The stolen property being in his car was itself a criminative fact tending to connect him with the theft and burglary. Appellant and his witnesses undertake to explain away this criminative circumstance. They testify that appellant loaned Mangum the car the night of the burglary, and that appellant remained at Brownwood, spending the night with Wilder, and that Mangum returned the next morning having the saddles which he claimed to have traded for; that appellant then agreed to take Mangum to Aspermont for ten dollars. Other corroborating circumstances are mentioned in the original opinion.

It is not a case of failure in corroborating evidence, but a failure of the jury to accept as true the testimony of appellant and his witnesses, a matter entirely for the jury.

The motion for rehearing is overruled.

*Overruled.*